# Daniel *versus* Wilver.

1. Where a Rule of Court provided that "Where, under any plea, it is designed to give the special matter, fraud, want of consideration, particular payments, or defalcation, in evidence, a specification thereof, in writing, shall, if demanded, be given to the opposite party or attorney, within twenty days after demand made, otherwise no evidence of it shall be admitted."

In an action of covenant demand was made of notice of special matter, &c., designed to be given in evidence under the pleadings then entered or thereafter added.

It was *held*, that, under the plea of covenants performed, without notice, evidence was not admissible of services rendered by the defendant to the obligee, and of a declaration by the obligee when she handed over the bond

[Daniel v. Wilver.]

to the defendant, that she wanted no more settlements under it. The plea of set-off, added as the jury was about to be qualified, and of *payment and release*, added, in short, during the trial, did not dispense with the specification demanded.

2. The Rule of Court applies only to issues in which the burden of proof is on the defendant, and to affirmative evidence offered by him in support of his plea; and not to evidence offered under the general issue. Under the plea of "covenants performed," the evidence in question was not admissible without notice.

ERROR to the Common Pleas of *Dauphin county*.

This was an action of covenant to January Term, 1852, by Adam Wilver, as administrator of the estate of Susanna Daniel, deceased, *v.* John George Daniel, on a bond or instrument of writing under seal, dated 31st March, 1834, by which the defendant became bound to Andrew and Susanna Daniel, his father and mother, to deliver annually during their lives or the life of the survivor of them, certain grain, &c., produced on a certain farm. Andrew Daniel died on June 1, 1841, leaving his wife surviving, who died in June, 1851. This suit was brought to recover the value of the grain, &c., which it was alleged the defendant had failed to deliver to his mother. The claim was eventually confined to the articles deliverable between the 1st of January, 1849, and the 17th of June, 1851.

When the case was put upon the trial list, the only plea was *covenants performed*, which was entered on 2d December, 1854. On the 22d of January, 1855, when the jury were about to be qualified, the Court, on motion, permitted to be added the plea of set-off; and during the trial, the further pleas of payment and release were added.

On 28th December, 1854, notice was served on defendant's counsel, requiring, under the 67th rule of Court, an exhibition to the plaintiff's counsel, within twenty days, of any paper or papers relied on as matter of defence. And, further, that if under the pleadings then entered, or under any pleas which may be thereafter added by leave of Court, it was designed to give any special matters, fraud, want of consideration, particular payments, or defalcation in evidence, a specification in writing was required to be furnished within twenty days, in pursuance of the 69th rule of Court.

In pursuance of the notice, copies of certain receipts were submitted on 18th January, 1855.

On part of the *plaintiff* testimony was given as to the value of the grain, &c., required by the bond to be furnished, and evidence of a similar character was given on part of *defendant*.

Some receipts of the widow were also given in evidence; after which, on part of the defendant, it was offered to prove certain services and boarding, &c., rendered and furnished by the defendant to the intestate, since the date of the last receipt of the intes-

[Daniel *v.* Wilver.]

tate, for the purpose of showing, under the plea of *set-off*, that nothing was due at her death.

This was objected to for want of notice under the rule. On part of the defendant it was contended that the evidence was admissible as the pleadings then existed; and also that the notice was not requisite, as the pleadings stood when the notice of the *receipts* was furnished. *Per Curiam.*—We are of the opinion that the plaintiff has a right to call on the defendant for a statement of the matter relied on by way of defence, without regard to the pleadings, which may be altered; and although the defendant may alter his pleas *ad libitum,* he cannot change his notice of special matter without leave of Court, or travel out of it under any additional pleas. The evidence is rejected. First bill.

It was then proposed to show what was said by the plaintiff's intestate at the time the receipts were given and the bond handed over to the defendant, viz., that she wanted no more settlements under that bond. This was objected to, because no notice was given that the defendant relied upon a cancellation of the bond, or any other special matter by way of defence.

*Per Curiam.*—The party relies not on direct performance, but an offer to show that the amount was *forgiven* and not to be performed, of which notice should have been given. No notice of this matter having been given as assigned, the evidence must be rejected. Second bill.

With leave of Court, was then added the plea of *payment and release;* and after they were added, the evidence before rejected was again offered; and being objected to for want of notice, was rejected. Third bill.

Verdict for plaintiff for $475.

Error was assigned to the rejection of the evidence stated in the first bill, when offered under the plea of *set-off.* Second, in rejecting the evidence that the bond was given up to the defendant, and that he was released from further claim, as stated in the second bill; and *third,* in rejecting the same evidence after the pleas of payment and release were added.

For a specification of the 69th rule of Court, see the opinion in this case.

*Boas* and *McCormick,* for plaintiff.—Under the Act of 1806, the defendant had the right to alter his pleadings, and the Court has no right to make a rule to prohibit it: 3 *Ser. & R.* 253; 8 *Id.* 336. Under the plea of covenants performed, the evidence of set-off or release was inadmissible: 2 *W. C. C. Rep.* 456; 1 *Ser. & R.* 25; 8 *Barr* 270; 8 *Leg. Int.* 238, Kates *v.* Dougherty. The alteration of the pleas was therefore indispensable to the defence. The rule in question, if strictly construed, may lead to

[Daniel v. Wilver.]

injustice, and should not interfere with the operation of the Act of 1806 : 10 *Harris* 51.

*Fisher*, for defendant in error.—If *notice* had been given the evidence rejected would have been admissible under the plea of *covenants performed*, the bond being for the performance of conditions : 15 *Ser. & R.* 107 ; 4 *Dallas* 439 ; 2 *Yeates* 108 ; 2 *W. C. C. R.* 456 ; 6 *Watts* 207 ; 5 *Barr* 189. The plea of covenants performed, though, strictly speaking, not the general issue, is in the nature of the general issue : 2 *Trou. & Haly* 26. Notice is necessary under such a plea : 4 *W. & Ser.* 534.

The evidence offered was not a set-off, but an equitable defence to the action under the plea of covenants performed, and was not admissible without *notice*: 10 *Ser. & R.* 142 ; 16 *Id.* 28 ; 4 *Dallas* 439. It was decided in Johnson v. Kerr, 1 *Ser. & R.* 25, that in an action of covenant, a release could not be given in evidence without being *pleaded ;* but the release in that case was a technical release ; whilst the evidence proposed in this case was a verbal forgiveness of the claim. In the case of Martin v. Hammon, 8 *Barr* 270, cited, the decision is that the plea of covenants performed is not equivalent to the plea of payment, but admits the foundation of the suit ; and that the usual mode of putting the plaintiff to proof of performance is by the addition of *absque hoc*, &c., to the plea of covenants performed. In Kates v. Dougherty, it was decided that under that plea, *with notice*, the defendant may show a failure of consideration.

The defendant must specify when required in cases where the rule of Court is applicable : 3 *Yeates* 6 ; 4 *Yeates* 561 ; 14 *Ser. & R.* 176. A defendant is precluded from supplying the deficiency in his notice of special matter by embodying it in a special plea : 6 *Barr* 147, McCay v. Burr. Also cited 5 *Watts* 275 ; 2 *Wh.* 95 ; 2 *Barr* 88 : "it is better to have no rule than to depart from it on slight or frivolous pretexts." A notice of special matter must be given under a rule of Court, although an affidavit of defence has been filed, setting it out in substance : 5 *Whar.* 366, Sullivan v. Johns.

The opinion of the Court was delivered by
`LEWIS, C. J.—The rule of Court requires that " where under *any plea* it is designed to give the *special matter, fraud, want of consideration, particular payments*, or *defalcation*, in evidence, a specification thereof in writing shall, if demanded, be given to the opposite party, or attorney, within twenty days after demand made, otherwise no evidence of it shall be admitted." The demand of a specification in this case expressly and particularly required a statement of all the matters aforesaid intended to be given in evidence under the pleadings then entered, or under any pleas that the defendant might thereafter enter. The services

[Daniel *v.* Wilver.]

rendered by the defendant were matters of "defalcation," and the declaration of the plaintiff's intestate, that she wanted no more settlements under that bond, at the time she handed the bond over to the defendant, was a "special matter." Both these defences were within the rule requiring a specification of the particulars of them if demanded. The Court below was of that opinion, and for the omission to furnish the particulars according to the demand the evidence was rejected. Every Court is the best judge of the construction of its own rules; and we will not reverse a judgment on the ground of a misconstruction, unless in a plain case: 5 *Barr* 189. We do not see any such plain error here. On the contrary, the Court appears to have fairly carried into execution its own rule. As that rule, and the demand under it, required a notice of the evidence to be given under any plea that might thereafter be entered, as well as under the pleadings then entered, it is obvious that the short entry of the pleas of *payment* and *release* made at the trial could not dispense with the specification required. If the defendant had been prevented from giving the specification by accident, mistake, or other cause, which entitled him to relief, the Common Pleas had the power to enlarge the time for giving it, upon such terms as would be just to the opposite party. But no application for that relief was made, nor does it appear that the defendant below had any ground for it. The rule of Court seems to apply only to issues in which the burden of proof is on the defendant, and to affirmative evidence offered by him in support of his plea. Where he pleads the general issue he gives no evidence in support of it, but is confined to evidence tending to repel that which may have been given by the plaintiff. As his repelling evidence must necessarily depend on the evidence to be given by his adversary, it is impossible for him to know what may be necessary, and therefore unreasonable to require him to specify it. The defendant below, in Moyer's Administrator *v.* Fisher and Wife, just decided, was in that condition, and therefore a specification was not required of him. But the defendant below, in this case, stands on a different footing. His defences were not regularly admissible without notice under the plea of *covenants performed*. They consisted of affirmative matter to be introduced by himself, not as repelling evidence, but as independent grounds of defence. The plaintiff was therefore entitled to the specification demanded. The omission to give it justified the action of the Court of Common Pleas in rejecting the evidence.

Judgment affirmed.